IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CHESTER R. KEMP, et al.,** : | |
| : | |
| Plaintiffs, : | Case No. 2:24-cv-3881 |
| : | |
| v. : | Judge Algenon L. Marbley |
| : | |
| **RICE DRILLING D, LLC, et al.,** : | Magistrate Judge Elizabeth Preston |
| : | Deavers |
| Defendants. : | |

## **OPINION & ORDER**

This matter is before this Court on a Motion to Sever and Remand (ECF No. 8), and a Motion to Remand (ECF No. 17). On August 23, 2024, Defendants Rice Drilling D, LLC ("Rice"), Gulfport Appalachia, LLC, and Gulfport Energy Corporation ("Gulfport," and together with Rice, "Defendants") removed this case from the Belmont County Common Pleas Court and filed a Motion to Sever. (ECF Nos. 1, 8). On September 13, 2024, Plaintiffs filed in opposition along with a Motion to Remand. (ECF No. 17). For the reasons set forth below, Plaintiff's Motion to Remand (ECF No. 10) is **GRANTED** and the Motion to Sever and Remand is **DENIED as moot**.

## I.  BACKGROUND

On December 17, 2020, Plaintiff Kemp Trust[1] filed a complaint in the Belmont County Common Pleas Court against six defendants.[2] (ECF No. 17 at 2). Shortly after filing the complaint certain of those defendants ("Milligans")[3] filed an answer, counterclaim, and a third-party

---

[1] Plaintiffs Chester R. Kemp, Trustee of the Chester R. Kemp Trust U / A dated 04/16/2008 and Irma M. Kemp, Trustee of the Irma M. Kemp Trust, U/ A dated 04/16/2008 ("Kemp Trusts").
[2] Attorney Nils Johnson Trustee, Elizabeth Allen, Jacqueline Milligan, Paula Milligan, Michael Kasler, and David Rumancik.
[3] Elizabeth Allen, Jacqueline Milligan, and Paula Milligan (collectively, "Milligans").

complaint against various parties[4] including Rice and Gulfport Appalachia, LLC ("Milligans' Third-Party Complaint"). (*Id*. ¶ 2; ECF No. 17 at 3). The case progressed and in January 2023, Kemp Trusts and Moores filed amended crossclaims against Rice Drilling D, LLC, and Gulfport Appalachia, LLC. (ECF Nos. 17 at 4; 1 ¶ 4). In September 2023, "all claims, counterclaims, and crossclaims were resolved, except for specific counts of Plaintiffs' Crossclaims against Rice and Gulfport Appalachia, LLC." (ECF No. 1-22). The remaining claims were stayed again pending a decision from the Supreme Court of Ohio in *TERA, LLC v. Rice Drilling D, LLC, et al*.

On January 11, 2024, parties ("Clover Ridge Plaintiffs")[5] moved to intervene. The motion included a request to file an intervention complaint naming three defendants, Rice, and Gulfport Appalachia, LLC, and Gulfport Energy Corporation. (ECF No. 17 at 6; 1 ¶ 6). On March 8, 2024, William Edge and roughly 40 new individuals, ("Edge Plaintiffs") moved to intervene and sought an intervention complaint naming defendants Rice, Gulfport Appalachia, LLC, Gulfport Energy Corporation, XTO Energy Inc., Phillips Exploration, LLC, and Ascent Resources Utica, LLC. (ECF No. 17 at 7; 1 ¶ 7).

On July 25, 2024, the Court of Common Pleas granted the motions to intervene. (ECF Nos. 1- 21; 1-22). The court issued a Docket and Journal entry on August 8, 2024. explaining that permissive intervention under Civ.R.24(B)(2) must be construed liberally in favor of granting intervention when a motion is made "(1) upon timely application, (2) when an applicant's claim or defense and the main action have a question of law or fact in common, and (3) when the intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." (ECF No. 1-22). The court also explained that "[i]ntervention promotes judicial economy by

---

[4] Chester & Irma Kemp, Scott & Debbie Moore, Dale & Christina Bonnett (collectively, the "Moores"), Rice Drilling D, LLC, and Gulfport Appalachia.
[5] Clover Ridge Holdings, LLC, Three Branches, LLC, PACA Partners, LLC, Patricia Marcum, and Clifford Marcum

bringing all of the interested parties and their claims before a single judge, who may then resolve those claims in a single proceeding." (*Id*.). In opposition to intervention, Rice Drilling D, LLC, and Gulfport Appalachia, LLC argued that Clover Ridge Plaintiffs and Edge Plaintiffs filed their complaint, so intervention is unnecessary and moot. (*Id*.). The court rejected this argument as Rice and Gulfport Appalachia, LLC provided no support for the argument and the law was clear that granting intervention "may serve to prevent or end other, similar lawsuits and thus, promote judicial economy." (*Id*.). The court found intervention proper, accepted the intervention complaints, and added Gulfport Energy Corporation, XTO Energy Inc., Phillips Exploration, LLC, and Ascent Resources Utica, LLC.

After the Court of Common Pleas granted the motions to intervene, Rice and Gulfport filed a Notice of Removal (ECF No. 1) and Motion to Sever (ECF No. 8). Rice and Gulfport removed this case based on diversity jurisdiction and asserted removal is timely, despite the case having been commenced more than one year ago, because the Clover Ridge and Edge Plaintiffs are new plaintiffs asserting new claims that are effectively a new action, and the Clover Ridge and Edge Plaintiffs acted in bad faith to prevent removal. (ECF No. 1 ¶ 11). In the Motion to Sever, Rice and Gulfport also request that this Court sever claims against the Ohio citizens in the case—Ascent Resources Utica, LLC, XTO Energy Inc., and Phillips Exploration, LLC—because they are not necessary and indispensable parties, and the claims are part of this action as a result of fraudulent misjoinder. (*Id*. ¶ 11). Plaintiff filed a Motion to Remand, arguing Rice and Gulfport are third-parties and cannot remove under § 1441(a). (ECF No. 17). Provided Rice and Gulfport are found to be able to remove an action § 1441(a), Plaintiffs argue removal was untimely under §1446(b), and the bad faith exception does not apply under § 1446(c). (ECF No. 17).

3

On February 26, Plaintiffs notified this Court of a Motion to Remand granted in a similar case, *Long Point Energy, LLC v. Gulfport Appalachia, LLC, et al.*, Case 2:24-cv-1673, 2025 WL 606440 (S.D. Ohio Feb. 25, 2025). (ECF No. 40). In *Long Point*, Chief Judge Morrison held removal was improper under 28 U.S.C. 1441(a)-(c) because removal was based on crossclaims against the defendants. 2025 WL 606440, at *2–3. Defendants argue *Long Point* is inapposite because removal there was reliant on crossclaims whereas here, Gulfport Energy Corporation was added as a defendant within thirty days of removal and Plaintiffs took voluntary action to consent to the intervention of over fifty new plaintiffs to the case. (ECF No. 41).

## II. STANDARD OF REVIEW

A defendant may remove a case pursuant to 28 U.S.C. § 1441, which provides that defendants may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Original jurisdiction includes federal-question jurisdiction and diversity jurisdiction. *Clarke v. Pollan*, No. 24-3548, 2024 WL 4903806, at *2 (6th Cir. Nov. 27, 2024) "The former requires a cause of action arising under' federal law. 28 U.S.C. § 1331. The latter requires diverse parties and a claim for over $75,000. 28 U.S.C. § 1332(a)(1)." *Clarke*, 2024 WL 4903806, at *2. The parties seeking removal bear the burden of establishing the right to do so. *Mays v. City of Flint, Mich.*, 871 F.3d 437, 442 (6th Cir. 2017). Moreover, any doubt as to whether remand is appropriate must be resolved in favor of remand. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006) (quoting *Brown v. Francis*, 75 F.3d 860, 864-65 (3d Cir. 1996)).

## III. LAW & ANALYSIS

Rice and Gulfport argue that, as defendants here, they have the right to remove the case for diversity jurisdiction and have done so in accordance with statutory requirements. (ECF No. 26 at

4

17). As Rice and Gulfport acknowledge, under § 1441(a), a *defendant* may remove an action brought in a state court if the district court has original jurisdiction. (ECF No. 27 at 8 (quoting 28 U.S.C. § 1441(a))).

The dispositive question for this Court's analysis is whether Rice and Gulfport are defendants as required for removal under § 1441(a). *First Nat. Bank of Pulaski v. Curry*, 301 F.3d 456, 461 (6th Cir. 2002). "As the statutory language makes plain, only "the defendant or the defendants" may remove under § 1441(a)." *Id*. Based on this requirement, third-party defendants have been found unable to remove actions under § 1441(a) because they are not "defendants" for purposes of § 1441(a). *Id.*. As Plaintiffs explained, Rice and Gulfport Appalachia, LLC are third-party defendants from the Milligans' Third-Party Complaint. (ECF No. 28 at 1–2). Rice and Gulfport assert that the Kemps and Kemp Trust were the original plaintiffs and "amended their complaint to sue Rice and Gulfport." (ECF No. 28 at 16). Defendants support this assertion by reference to the First Amended Cross-Claims filed by the Kemps and Kemp Trust. (*Id*.). These crossclaims are not an amended complaint. (ECF No. 1-7).

The initial complaint, filed by plaintiff Kemp Trust, did not name Rice or Gulfport. (ECF No. 28 at 4). Milligans' Third-Party Complaint was later brought against the Kemp Trust. The Third-Party Complaint named Kemp Trust and Kemps in their individual capacity as third-party defendants along with Rice and Gulfport. (*Id*.). The First Amended Cross-Claims are thus crossclaims as they are labeled, not an amended complaint. Similarly, Gulfport Energy Corporation is a third-party defendant brought into the case by a third-party's intervening complaint. Rice and Gulfport do not provide any authority to suggest intervening complaints give the parties a right to remove. *See, e.g.*, *Brown v. Tax Ease Lien Invs.*, LLC, 77 F. Supp. 3d 598, 602 (W.D. Ky. 2015) ("Intervening complaints—even when they would have been removable if

5

filed first—do not support removal"); *Henderson v. S. States Police Benevolent Ass'n, Inc.*, No. 1:02-CV-045, 2002 WL 32060139, at *6 (E.D. Tenn. Mar. 15, 2002) ("The intervening complaint cannot transform the original plaintiffs' non-removable complaint into one that is removable").

Rice and Gulfport's removal of this case, thus, is improper under § 1441(a) because they are third-party defendants. Indeed, status as third-party defendants does not vitiate the right for removal of all claims. (ECF No. 27 at 16). For example, removal is permitted by third-party defendants under § 1441(c). If Rice and Gulfport's argument is that particular claims alone give rise to a right to removal despite their status as a third-party defendant, § 1441(c) allows removal of certain claims that are "joined." *First Nat. Bank of Pulaski,* 301 F.3d at 465. Section 1441(c), however, does not permit removal based solely on diversity. *Id*.

Plaintiffs also requested that this Court find that Rice and Gulfport's removal lacked an objectively reasonable basis. (ECF No. 17 at 25). Section 1441(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. 28 U.S.C.A. § 1447. Nonetheless, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp*., 546 U.S. 132, 141 (2005). This Court does not find Rice and Gulfport lacked an objectively reasonable basis. Rice and Gulfport's argument was based on a theory that they were no longer third-party defendants based on the unique nature of this case. The request for attorney fees is **DENIED**.

Because Rice and Gulfport did not have the right to remove an action under §1441(a), this Court finds it unnecessary to address the remaining arguments related to timeliness of the improper

6

removal or whether certain claims should be severed. As such, the Motion to Sever and Remand (ECF No. 8) is **DENIED as moot**.

### IV.    CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand (ECF No. 17) is **GRANTED**. Plaintiff's request for attorney's fees is **DENIED** and this case is **REMANDED**. Accordingly, the pending Motion to Sever and Remand is **DENIED as moot**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE**

**DATED: March 31, 2025**